IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES I. KUROIWA, JR.,<br>PATRICIA A. CARROLL, TOBY<br>M. KRAVET, GARRY P. SMITH,<br>EARL F. ARAKAKI, and<br>THURSTON TWIGG-SMITH,<br><br>    Plaintiffs,<br><br>    vs.<br><br>LINDA LINGLE, et al.<br><br>    State Defendants,<br><br>HAUNANI APOLIONA, et al.<br><br>    OHA Defendants. | CIVIL NO. 08-00153 JMS-KSC<br><br>REPORT OF SPECIAL MASTER<br>REGARDING PLAINTIFFS'<br>OBJECTION TO OHA BILL OF<br>COSTS |

REPORT OF SPECIAL MASTER REGARDING
<u>PLAINTIFFS' OBJECTION TO OHA BILL OF COSTS</u>

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Plaintiffs James Kuroiwa, Jr., Patricia Carroll, Toby Kravet, Garry Smith, Earl Arakaki, and Thurston Twigg-Smith's (collectively "Plaintiffs") Objection to OHA Bill of Costs ("Objections"), filed August 6, 2008. Defendants Haunani Apoliona, Walter Heen, Rowena Akana, Donald Cataluna, Robert Lindsey, Jr., Colette Machado,

Boyd Mossman, Oswald Stender, and John Waihe'e IV
(collectively "OHA Defendants") filed their Bill of
Costs on July 28, 2007.

Pursuant to Rule 7.2(d) of the Local Rules of
Practice of the United States District Court for the
District of Hawaii ("Local Rules"), the Court finds
this matter suitable for disposition without a hearing.
After reviewing the parties' submissions, the Court
FINDS and RECOMMENDS that Plaintiffs' Objections be
OVERRULED.  The Court recommends that costs be taxed
against Plaintiffs in the amount of $73.50.

<u>DISCUSSION</u>

OHA Defendants request costs totaling $88.50
pursuant to Rule 54(d) of the Federal Rules of Civil
Procedure ("FRCP") and Local Rule 54.2.  Specifically,
Defendants seek taxation of the following costs: (1)
$78.90 for fees for exemplification and copies of
papers necessarily obtained for use in the case and (2)
$9.60 in telephonic charges (facsimile).

Plaintiffs object to the Bill of Costs on the
grounds that (1) OHA Defendants are not the prevailing

2

parties within the meaning of FRCP 54(d); (2) it would be unjust to award costs, and (3) OHA Defendants have not addressed concerns about their wasteful and unnecessarily expensive charges.

I.   Entitlement to Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R. Civ. P. 54(d)(1).  Courts have discretion to award costs pursuant to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden is on the losing party to demonstrate why costs should not be awarded. Stanley v. Univ. of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

Plaintiffs assert that because the action was dismissed for lack of standing, which deprived the Court of subject matter jurisdiction, OHA Defendants are not the prevailing party.  The Court disagrees. See, e.g., Russian River Watershed Protection Committee

3

v. City of Santa Rosa, 142 F.3d 1136, 1143-44 (9th Cir. 1998) (where plaintiffs did not have standing, the district court properly awarded costs to defendant under FRCP 54(d)(1)).  Insofar as the district court granted OHA Defendants' Motion for Judgment on the Pleadings on July 3, 2008, and the Court entered judgment the same day, this Court finds that OHA Defendants are the prevailing party for the purposes of Rule 54(d)(1).[1]

The Ninth Circuit has held that in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party; misconduct on the part of the prevailing party; the importance and complexity of the issues; the

---

[1] Even if the Court were to accept Plaintiffs' contention and assess costs pursuant to 28 U.S.C. § 1919, the Court would find that an award of costs is appropriate given the circumstances of this case.  Miles v. State of California, 320 F.3d 986, 988 n.2 (9th Cir. 2003) ("Where the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919.  Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'").

merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

In considering the factors set forth in Save Our Valley, the Court finds that the present circumstances do not warrant a denial of costs.  First, Plaintiffs have not argued, and there is no evidence to suggest that they would be rendered indigent by the $88.50 that OHA Defendants seek in costs.  Second, the Court does not believe that the imposition of costs will have a chilling effect on future litigants.  Even if the Court assesses costs in full, $88.50 is an unsubstantial sum, and will not likely deter persons of modest means from pursuing civil rights claims.  Third, the Court is unaware of any misconduct on the part of OHA Defendants.  Finally, in assessing the merits of Plaintiffs' claims, the Court finds that Plaintiffs' case lacked merit in light of Arakaki v. Lingle, 477 F.3d 1053 (9th Cir. 2007).  Accordingly, the Court will

tax costs in favor of OHA Defendants.

II.  <u>Calculation of Taxable Costs</u>

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  <u>See</u> <u>Yasui</u>, 78 F. Supp. 2d at 1126 (citing <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of the title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126.  The

Court addresses each of the costs requested by Defendants in turn.

A.   Copying Costs

OHA Defendants request taxation of in-house copying costs totaling $78.90.[2]   OHA Defendants included a cost report as well as a breakdown of the documents copied, the number of pages, and the number of copies made.

Plaintiffs generally object to the costs as wasteful and unnecessarily expensive.   This argument is not well-taken.   As the Court will discuss, OHA Defendants' copying costs are statutorily authorized and are reasonable under the Local Rules. Additionally, Plaintiffs commenced this suit and continued to pursue it even after Judge Seabright informed them that Arakaki controlled.   The requested copying costs can hardly be characterized as wasteful

_____

[2]   OHA Defendants erroneously calculated the cost for the Opposition - Motion for Preliminary Injunction. Their calculation totaled $29.40, but the calculation, based on the number of pages, copies, and per-page copying cost, should be $24.00.   Therefore, the amount of the requested costs should be $73.50.

when they were necessarily incurred in connection with
OHA Defendants' defense.

Section 1920(4) explicitly provides for the
taxation of copying costs.  Local Rule 54.2(f)4 further
specifies that:

> The cost of copies necessarily obtained
> for use in the case is taxable provided
> the party seeking recovery submits an
> affidavit describing the documents copied,
> the number of pages copied, the cost per
> page, and the use of or intended purpose
> for the items copied.  The practice of
> this court is to allow taxation of copies
> at $.15 per page or the actual cost
> charged by commercial copiers, provided
> such charges are reasonable.  The cost of
> copies obtained for the use and/or
> convenience of the party seeking recovery
> and its counsel is not allowable.

Local Rule 54.2(f)4.  OHA Defendants indicate that the
per page copying cost was $0.15.  As set forth in Local
Rule 54.2(f)4, this charge is reasonable.  Further,
upon review of the documents copied, the Court finds
that they were necessarily obtained for use in the
case.  The Court therefore FINDS that a total of $73.50
in copying costs is taxable.

B.  <u>Facsimile Costs</u>

OHA Defendants also request facsimile costs in the amount of $9.60.  Facsimile costs are not provided for in § 1920 and as such, are not taxable as costs. <u>Yasui</u>, 78 F. Supp. 2d at 1129.

<u>CONCLUSION</u>

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Objection to OHA Bill of Costs, filed August 6, 2008, be OVERRULED and that costs be taxed against Plaintiffs in the amount of $73.50.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 8, 2008.



Kevin S.C. Chang
United States Magistrate Judge

CV 08-00153 JMS-KSC; <u>KUROIWA, ET AL. V. LINGLE, ET AL.</u>; REPORT OF SPECIAL MASTER REGARDING PLAINTIFFS' OBJECTION TO OHA BILL OF COSTS

9