IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES I. KUROIWA, JR., PATRICIA A. CARROLL, TOBY M. KRAVET, GARRY P. SMITH, EARL F. ARAKAKI, and THURSTON TWIGG-SMITH,<br><br>             Plaintiffs,<br><br>    vs.<br><br>LINDA LINGLE, et al.<br><br>             State Defendants,<br><br>HAUNANI APOLIONA, et al.<br><br>             OHA Defendants.<br>_____ | CIVIL NO. 08-00153 JMS-KSC<br><br>ORDER: (1) GRANTING OHA DEFENDANTS' MOTION FOR RULE 11 SANCTIONS; AND (2) DENYING PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS |

**ORDER: (1) GRANTING OHA DEFENDANTS' MOTION FOR RULE 11 SANCTIONS; AND (2) DENYING PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS**

**I. INTRODUCTION**

On April 3, 2008, Plaintiffs filed a Complaint seeking injunctive relief against various state officers in their official capacities ("State Defendants"), and the trustees of the Office of Hawaiian Affairs ("OHA") in their official capacities ("OHA Defendants") (collectively, "Defendants"), for their alleged "breach of Hawaii's federally created ceded lands trust and the incidentally related

State public trust; and [] civil conspiracy to deprive them of equal protection of the laws and equal privileges and immunities under the laws." Compl. ¶ 2. On July 3, 2008, the court dismissed the Complaint because Plaintiffs' federal claims are barred by *Arakaki v. Lingle*, 477 F.3d 1053 (9th Cir. 2007). *Kuroiwa v. Lingle*, 2008 WL 2622816 (D. Haw. July 3, 2008).

Currently before the court is OHA Defendants' Motion for Rule 11 Sanctions against Plaintiffs' counsel, and Plaintiffs' Cross-Motion for Rule 11 Sanctions.[1] For the reasons discussed below, the court GRANTS OHA Defendants' Rule 11 Motion, and DENIES Plaintiffs' Rule 11 Motion.

## II. BACKGROUND

The Complaint alleges that all citizens of the State of Hawaii are beneficiaries of a trust created by § 5(f) of the Admissions Act,[2] Compl. ¶ 28, and asserts three claims: violation of 42 U.S.C. § 1983 on the basis that the distribution of trust proceeds to native Hawaiians is a breach of § 5(f) and/or that § 5(f) is unconstitutional to the extent it gives native Hawaiians a pro rata portion of the trust proceeds (Count I); breach of a State public trust based on transfer of

---

[1] Pursuant to Local Rule 7.2(d), the court finds these motions suitable for disposition without a hearing.

[2] Because both the historical and factual background of this case were set forth in the court's July 3 Order, the court does not recount them here. *See Kuroiwa v. Lingle*, 2008 WL 2622816, at *1-2 (D. Haw. July 3, 2008).

lands to OHA that are *not* part of the § 5(f) trust (Count II); and violation of 42 U.S.C. § 1985 and common law conspiracy amongst Defendants and unnamed others to deprive non-ethnic Hawaiians equal privileges and immunities under the law (Count III).

On May 9, 2008, OHA Defendants and State Defendants separately filed Motions for Judgment on the Pleadings. On July 3, the court granted Defendants' motions and dismissed the Complaint. The court found that *Arakaki* -- a case involving most of the same plaintiffs, the same plaintiffs' counsel, and similar claims -- was directly applicable and foreclosed Plaintiffs' federal claims. *Kuroiwa*, 2008 WL 2622816, at *3-4. Specifically, applying *Arakaki's* holding that the United States is an indispensable party to claims challenging the terms of the § 5(f) trust, the July 3 Order found that Plaintiffs lack standing to bring their 42 U.S.C. § 1983 claim, and that the § 1985 claim therefore failed as well. *Id.* at *3-6. With no federal claims remaining, the court declined jurisdiction over Plaintiffs' state law claim. *Id.* at *6.

On July 14, 2008, OHA Defendants filed a Rule 11 Motion for Sanctions.[3] On July 28, 2008, Plaintiffs filed an Opposition, and their own Rule

---

[3] The State Defendants drafted and served the Rule 11 Motion pursuant to Rule 11's safe harbor requirements, and OHA Defendants joined in that motion. The State Defendants have not moved for Rule 11 Sanctions.

11 Motion against Defendants and their counsel. On August 8, 2008, OHA Defendants filed their Opposition to Plaintiffs' Motion, to which Plaintiffs replied on August 11, 2008. That same day, State Defendants filed their Opposition, to which Plaintiffs replied on August 14, 2008. On August 12, 2008, OHA Defendants filed a Reply in support of their Rule 11 Motion.

### III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 11(b) requires that parties present arguments that are warranted by the law and non-frivolous:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Rule 11 applies to all pleadings, written motions and other papers presented to the court. Fed. R. Civ. P. 11(a).

Rule 11 "subject[s] litigants to potential sanctions for insisting upon a

position after it is no longer tenable . . . ." Fed. R. Civ. P. 11 advisory committee's note (1993). In determining whether a party has violated Rule 11, the court applies an objective reasonableness standard. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993). A showing of subjective bad faith is not required. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (noting that sanctions cannot be avoided by the "empty head, pure heart" defense); *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986) (noting that the certification requirements of Rule 11 are violated "if the paper filed . . . is frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith").

## IV.  ANALYSIS

### A.  Sanctions Against Plaintiffs' Counsel Are Warranted

As applied to complaints, the Ninth Circuit has interpreted the Rule 11 standard as requiring a "'a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (*quoting Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)). A complaint is "frivolous" if it "is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* (quotations omitted). Based on the following, the court finds that the

Complaint is frivolous.

### 1. *Adequate Legal Basis*

Count I of the Complaint alleges violation of 42 U.S.C. § 1983 on the basis that the distribution of trust proceeds to native Hawaiians is a breach of § 5(f) and/or that § 5(f) is unconstitutional to the extent it gives native Hawaiians a pro rata portion of the trust proceeds. Under *Arakaki*, Plaintiffs had no legal basis to bring this claim -- *Arakaki* is directly applicable, clear in its holding, and conclusively forecloses Plaintiffs' § 1983 claim. In *Arakaki*, plaintiffs similarly alleged violation of § 1983 based on expenditures of trust revenue to native Hawaiians. *See Arakaki*, 477 F.3d at 1053. *Arakaki* held that the United States is an indispensable party to a suit challenging the § 5(f) trust such that plaintiffs had no standing:

> Any challenge to the expenditure of trust revenue brought by alleged trust beneficiaries must challenge the substantive terms of the trust, which are found in the Admission Act. For the reasons we explained in Part III.A.2, *supra*, the United States is an indispensable party to any challenge to the Admission Act. Accordingly, . . . the United States . . . remains indispensable with respect to challenges to the expenditure of *trust* revenue.

*Id.* at 1065. Just as in *Arakaki*, Count I challenges the expenditure of trust revenue and therefore challenges the substantive terms of the Admissions Act -- meaning that the United States is an indispensable party to this claim. Due to the binding

precedent of *Arakaki*, Plaintiffs had no basis to assert standing for this claim.

All of Plaintiffs' arguments for why this claim was possible despite *Arakaki* (whether made in Opposition to Defendants' Motions for Judgment on the Pleadings or reiterated here) are contrary to law, irrelevant, and/or border on the ridiculous. For the same reasons articulated in the July 3 Order, Plaintiffs' arguments -- including that: (1) the court could somehow join the United States as a party without its consent through Federal Rule of Civil Procedure 19(b); (2) the United States' participation is optional because it chose not to intervene; (3) *Arakaki* conflicts with other Ninth Circuit decisions despite very different facts; (4) a footnote in *Day v. Apoliona*, 496 F.3d 1027, 1033 n.9 (9th Cir. 2007), overrules *Arakaki* even though it does not even mention *Arakaki* and the facts of *Day* materially differ from *Arakaki*; and (5) *Arakaki* is not res judicata -- completely lack merit. *See Kuroiwa*, 2008 WL 2622816, at *4-5.

Plaintiffs also argue for the first time in their Rule 11 Opposition that their claim was proper because the United States consented to suit based on the Administrative Procedure Act, 5 U.S.C. § 702. Like Plaintiffs' other arguments, this contention is baseless. Section 702 allows a claimant to bring suit against the United States for an agency action, and has no application to a claim challenging the constitutionality of an Act of Congress. *See* 5 U.S.C. § 702 ("A person

suffering legal wrong because of *agency action*, or adversely affected or aggrieved by *agency action* within the meaning of a relevant statute, is entitled to judicial review thereof. . . ." (emphasis added)).  Accordingly, the court finds that Plaintiffs' counsel had no adequate basis to allege the 42 U.S.C. § 1983 claim, or the 42 U.S.C. § 1985 claim which is dependent on the § 1983 claim.[4]

### 2. *Reasonable Inquiry*

"The reasonable inquiry test is meant to assist courts in discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate*, 425 F.3d at 677 (*citing Christian*, 286 F.3d at 1127).  Plaintiffs' counsel fails this inquiry as well.

Plaintiffs' counsel cannot argue that he was unaware of *Arakaki* -- he was counsel for many of the same plaintiffs in *Arakaki* as well.  Given his knowledge and involvement in *Arakaki*, Plaintiffs' counsel could not objectively believe that his Complaint was well-founded.  Plaintiffs could have, but chose not to, limit their argument to seeking a reversal of *Arakaki*.  Indeed, Defendants' Rule

---

[4] The court declines to address Plaintiffs' state law claim in Count III.  The parties devoted virtually no time to this claim, and, in any event, "the mere existence of one non-frivolous claim in a complaint does not immunize it from Rule 11 sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

8

11 Motion offered this option to Plaintiffs.  *See* OHA Defs.' Mot. 3 ("[W]e will withdraw this sanctions motion if plaintiffs' attorney confines his argument to the seeking of an eventual overruling of *Arakaki*, but concedes that *Arakaki* is binding precedent upon this United States District Court, and concedes that *Arakaki* is applicable to and bars plaintiffs' claims in this case.").  Although the court would still be bound by *Arakaki*, the parties' (and the court's) resources would be properly limited to an argument that recognizes that this court is merely the first step to seeking redress that, in light of *Arakaki*, only the Ninth Circuit en banc and/or Supreme Court could potentially provide.  Plaintiffs chose instead to launch a series of arguments that have no legal basis, and still make these arguments in this action after the July 3, 2008 Order.  *See* Pls.' Rule 11 Mot. at 8 (arguing that *Arakaki* is "not binding or even persuasive precedent").

        In opposition, Plaintiffs' counsel argues that U.S. District Judge Susan Oki Mollway stated in *Arakaki* that the plaintiffs could file a new action, and that he believed *Day* resolved that Plaintiffs here had standing to bring this action without the United States as a party.  *See* Pls.' Opp'n 2-5.  Plaintiffs' counsel's reliance on Judge Mollway's statements and *Day* is unreasonable.  As an initial matter, any statements by Judge Mollway cannot replace the duty for counsel to perform an objectively reasonable inquiry.  In any event, Judge

9

Mollway did *not* suggest that Plaintiffs could relitigate matters already addressed in *Arakaki*. *See Arakaki v. Lingle*, 2007 WL 1284916, at *1 (D. Haw. May 1, 2007) (noting that plaintiffs sought to amend the complaint with both new claims and "matters already addressed by this court and the appellate court system"). Further, *Day* does not suggest that Plaintiffs might have standing. As explained in the July 3 Order, *Arakaki* involved different facts than *Day* (a suit to challenge, as opposed to enforce, the terms of the § 5(f) trust), and *Arakaki* expressly distinguished its facts and holding from other Ninth Circuit cases similar to *Day* that sought to enforce trust terms. *Kuroiwa*, 2008 WL 2622816, at *4 n.2, *5.

In finding that Plaintiffs' counsel fails this inquiry, the court recognizes that Rule 11 should not be used to discourage zealous advocacy using creative legal arguments. *See In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("Rule 11 must be read not only to give effect to the Rule's central deterrent goals, but also 'in light of concerns that it will spawn satellite litigation and chill vigorous advocacy[.]'" (*quoting Cooter & Gell*, 496 U.S. 384, 393 (1990))); Fed. R. Civ. P. 11 advisory committee's note (1983) ("The Rule is not intended to chill enthusiasm or creativity in pursuing factual or legal theories."). While Plaintiffs' counsel has certainly zealously advocated for Plaintiffs, the arguments made cannot be chalked up as "creative" legal arguments

where they are directly contrary and/or wholly unsupported by clear and controlling existing law. Further, despite whatever Plaintiffs' counsel subjectively believes about *Arakaki*, Rule 11 is an objective standard. *See Smith*, 31 F.3d at 1488 (noting that sanctions cannot be avoided by the "empty head, pure heart" defense). The court therefore finds that Plaintiffs' Complaint, and the arguments made in support of it, were frivolous.

### 3. *Appropriate Sanctions*

Violation of Rule 11(b) can, after notice and reasonable opportunity to respond, result in sanctions:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . .

Fed. R. Civ. P. 11(c); *see also* Local Rule 11.1 (allowing the court to sanction a party for failure to comply with the Local Rules).

A determination of sanctions is largely within the discretion of the court, with these principles in mind:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an

>order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).[5]

OHA Defendants suggest, and the court agrees, that an appropriate sanction would be for Plaintiffs' counsel to pay at least a portion of OHA Defendants' attorneys' fees. Plaintiffs' counsel was plaintiffs' counsel in *Arakaki*, and *Arakaki* provided a clear mandate precluding the Complaint. Despite his participation in *Arakaki*, Plaintiffs' counsel launched a series of frivolous arguments asking the court not to apply this clear precedent. Given these facts, the court finds that an award of attorneys' fees is necessary to deter repetition of this conduct.[6] "Any such award to another party, however, should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement." Fed. R. Civ. P. 11, advisory committee's note (1993). The court therefore orders OHA Defendants to submit by September 5, 2008 a declaration setting forth the information required by Local

---

[5] The court imposes sanctions against Plaintiffs' counsel, and not Plaintiffs themselves. *See* Fed. R. Civ. P. 11(c)(5)(A) (providing that "the court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)").

[6] The court also finds relevant that Plaintiffs' counsel reiterated these same frivolous arguments in Plaintiffs' Motion for Rule 11 sanctions, even though the court had already rejected them in its July 3 Order. Sanctions will assist in deterring both Plaintiffs' counsel and others similarly situated.

Rule 54.3(d), which should seek only those reasonable attorneys' fees "directly and unavoidably caused by the violation." Plaintiffs may file an Objection to OHA Defendants' reasonable attorneys' fees by September 15, 2008.

**B.     Sanctions Against Defendants and Their Counsel Are Not Warranted**

Plaintiffs argue that Defendants and their counsel should be sanctioned for their alleged breach of duties they owe to Plaintiffs and other § 5(f) trust beneficiaries, and ask the court to strike their defense of lack of standing, temporarily enjoin further distributions and expenditures of trust funds by OHA, and award attorneys' fees to Plaintiffs related to the Rule 11 motions.

Plaintiffs' motion essentially mirrors their allegations and relief requested in the Complaint, yet ignores that the July 3 Order rejected that Plaintiffs have standing to bring such claims. Making these same arguments under the guise of a Rule 11 Motion does not make them any less frivolous the second time around.[7] Plaintiffs' Motion is wholly frivolous; Defendants properly defended themselves in this action by presenting arguments based on established Ninth Circuit precedent.[8] The court therefore DENIES Plaintiffs' Motion for Rule

---

[7] Plaintiffs did not file a Motion for Reconsideration of the July 3 Order, and instead filed an appeal. To the extent Plaintiffs attempt to re-argue the substance of the court's dismissal and seek the same relief as requested in their Complaint, such attempt is improper.

[8] In their Opposition, OHA Defendants perfunctorily request their reasonable fees in opposing Plaintiffs' Motion. The court agrees that Plaintiffs' Motion is frivolous. OHA

11 Sanctions.

## V. **CONCLUSION**

For the reasons discussed above, the court GRANTS OHA Defendants' Motion for Rule 11 Sanctions, and DENIES Plaintiffs' Motion for Rule 11 Sanctions. OHA Defendants shall submit by September 5, 2008 the declaration required by this Order. Plaintiffs may file an Objection to the Declaration by September 15, 2008.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 26, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kuroiwa et al. v. Lingle et al.*, Civ. No. 08-00153 JMS-KSC, Order: (1) Granting OHA Defendants' Motion for Rule 11 Sanctions; and (2) Denying Plaintiffs' Motion for Rule 11 Sanctions

---

Defendants, however, have provided no explanation for the basis of their requested sanction, and the court denies this request.