IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES I. KUROIWA, JR., PATRICIA A. CARROLL, TOBY M. KRAVET, GARRY P. SMITH, EARL F. ARAKAKI, and THURSTON TWIGG-SMITH, <br><br>             Plaintiffs, <br><br>     vs. <br><br>LINDA LINGLE, et al. <br><br>             State Defendants, <br><br>HAUNANI APOLIONA, et al. <br><br>             OHA Defendants. | CIVIL NO. 08-00153 JMS-KSC <br><br> ORDER IMPOSING RULE 11 SANCTIONS ON PLAINTIFFS' COUNSEL |

**ORDER IMPOSING RULE 11 SANCTIONS ON PLAINTIFFS' COUNSEL**

**I.  INTRODUCTION**

In its August 27, 2008 Order, the court found that Plaintiffs' counsel, H. William Burgess, violated Federal Rule of Civil Procedure 11 by filing a Complaint that is baseless in light of *Arakaki v. Lingle*, 477 F.3d 1048 (9th Cir. 2007). *Kuroiwa v. Lingle*, 2008 WL 4056137 (D. Haw. Aug. 27, 2008). While the court recognized that Mr. Burgess could have avoided sanctions by limiting his arguments to seeking reversal of Ninth Circuit precedent, Mr. Burgess instead

launched a series of frivolous arguments for why the court should not follow *Arakaki*. To deter Mr. Burgess and others similarly situated from launching such frivolous arguments (as opposed to merely seeking a change of law by the Ninth Circuit en banc or the Supreme Court), the court found that an appropriate sanction would be for Mr. Burgess to pay a portion of Office of Hawaiian Affairs ("OHA") Defendants' attorneys' fees for those services that are directly and unavoidably caused by the violation. As explained below, the court SANCTIONS Mr. Burgess by requiring him to pay $2,308.90 to OHA Defendants for their attorneys' fees.[1]

## II. BACKGROUND

On April 3, 2008, Plaintiffs filed a Complaint seeking injunctive relief against various state officers in their official capacities ("State Defendants"), and the trustees of the OHA in their official capacities ("OHA Defendants") (collectively, "Defendants"), for their alleged "breach of Hawaii's federally created ceded lands trust and the incidentally related State public trust; and [] civil conspiracy to deprive them of equal protection of the laws and equal privileges and immunities under the laws." Compl. ¶ 2. On July 3, 2008, the court dismissed

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

the Complaint because Plaintiffs' federal claims are barred by *Arakaki*. *Kuroiwa v. Lingle*, 2008 WL 2622816 (D. Haw. July 3, 2008).

On August 27, 2008, the court granted OHA Defendants' Motion for Rule 11 Sanctions against Mr. Burgess. The August 27, 2008 Order found that Rule 11 sanctions against Mr. Burgess were warranted because the Complaint lacked an adequate legal basis and a reasonable inquiry would have revealed that the Complaint is baseless in light of *Arakaki*. *Kuroiwa*, 2008 WL 4056137 at *2-4. Specifically, rather than limiting his arguments to seeking reversal of *Arakaki*, Mr. Burgess put forth a series of frivolous arguments for why the court should not follow this law. *Id.* at *4. The August 27, 2008 Order concluded that an appropriate sanction to deter repetition of this conduct would be for Mr. Burgess to pay a portion of OHA Defendants' attorneys' fees for those services that are directly and unavoidably caused by the violation.

Pursuant to the court's August 27, 2008 Order, OHA Defendants submitted the Declaration of Robert Klein setting forth OHA Defendants' attorneys' fees, and Mr. Burgess submitted an Objection on September 15, 2008.

### III.  DISCUSSION

The court has broad discretion in determining Rule 11 sanctions, in this case, attorneys' fees, and is constrained by the requirements that the attorneys'

fees be (1) "directly resulting from the violation," (2) "reasonable," and (3) "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The court addresses these three inquiries in turn.

### A.     Fees Directly Resulting from the Violation

In finding that Mr. Burgess should be sanctioned a portion of OHA Defendants' attorneys' fees, the August 27, 2008 Order recognized that Plaintiffs' counsel could have avoided Rule 11 sanctions by limiting argument to seeking a reversal of *Arakaki*. *See Kuroiwa*, 2008 WL 4056137 at *4. It was Plaintiffs' frivolous arguments -- not the mere fact of filing an action -- that caused the Rule 11 violation. If Mr. Burgess had limited his arguments to seeking reversal of *Arakaki*, OHA Defendants still would have incurred expenses, and those expenses cannot be the subject of a sanctions award. The August 27, 2008 Order therefore instructed OHA Defendants to submit "a declaration setting forth the information required by Local Rule 54.3(d), which should seek only those reasonable attorneys' fees 'directly and unavoidably caused by the violation.'" *Id.*

In response, OHA Defendants submitted a breakdown of *all* of their attorneys' fees incurred from McCorriston Miller Mukai MacKinnon LLP ("McCorriston"). OHA Defendants provided no explanation whatsoever why each

4

task McCorriston spent time on was a direct result of the Rule 11 violation, and instead gave a single sentence explanation that "*all* of OHA Defendants' legal fees related to this matter were incurred as a result of the frivolous filing of the Complaint itself."  Klein Decl. ¶ 7.

OHA Defendants' declaration is inexplicable given the court's clear instruction that they seek only those fees directly and unavoidably caused by the Rule 11 violation.  Further, McCorriston's billing records -- which failed to include dates for when each task was performed, block-billed several entries, and in some cases included work descriptions that are too vague for the court to determine precisely what issue the attorneys were working on -- only make the court's job of determining what expenses were indeed a direct and unavoidable result of the Rule 11 violation that much more difficult.

Because OHA Defendants failed to carry their burden of presenting a declaration seeking only those fees directly and unavoidably caused by the violation, the court will include in its sanctions award only those time entries that clearly and unambiguously evince that the work was caused as a direct and unavoidable result of the Rule 11 violation.  Specifically, the court finds that McCorriston's fees concerning OHA Defendants' Reply in support of their Motion for Judgment on the Pleadings ("OHA Defendants' Reply") and Plaintiffs' Motion

for a Temporary Restraining Order ("Plaintiffs' Motion for TRO") were directly and unavoidably caused by the Rule 11 violation.

Time spent on OHA Defendants' Reply -- as opposed to drafting the Motion for Judgment on the Pleadings and attending the hearing -- is compensable because it was in the Reply that OHA Defendants had to address Mr. Burgess' frivolous arguments. In comparison, OHA Defendants would still have had to file and argue a motion even if Plaintiffs had properly limited their arguments. While it is likely that Mr. Burgess' frivolous arguments forced McCorriston to spend more time preparing for the hearing, OHA Defendants' Declaration provides no insight into how much more time was spent and the court will not speculate.

Time spent responding to Plaintiffs' Motion for TRO and Motion for Reconsideration of the Order Denying Plaintiffs' Motion for TRO is also directly caused by Plaintiffs' frivolous arguments because Plaintiffs would not have sought such relief if they were seeking reversal of *Arakaki*. From a review of billing records, however, it appears that McCorriston spent little to no time on Plaintiff's Motion for TRO. Plaintiffs filed their Complaint and Motion for TRO simultaneously, so it is possible that some of the time McCorriston spent on case development and answering the Complaint was actually spent on the Motion for TRO. The court will not base a sanctions award on assumptions, however, and

6

therefore does not assume that entries on case development include time spent on the Motion for TRO.

Regarding time McCorriston spent on other issues, OHA Defendants have not shown, and this court cannot conclude, that such time was directly and unavoidably caused by Mr. Burgess' Rule 11 violation.

First, there are a number of tasks that McCorriston clearly would have done regardless of the arguments Plaintiffs made, including assessing and answering the Complaint, seeking to postpone the Rule 16 Scheduling Conference, and filing a Bill of Costs.

Second, the court cannot determine whether a number of other tasks were indeed caused by the Rule 11 violation.  Specifically, McCorriston's fees for discovery could be due to Mr. Burgess' attempt to bolster his frivolous arguments or an attempt to further develop the record for appeal.  While Plaintiffs sought discovery expressly for their Motion for Preliminary Injunction, *see* Doc. No. 48, Pls.' Motion for Discovery, that does not rule out the possibility that Plaintiffs sought this information for nonfrivolous reasons as well.  It is also unclear whether Plaintiffs filed their Notice of Constitutional Question and Motion to Consolidate to further their frivolous arguments or distinguish this case from *Arakaki*.  By filing the Notice of Constitutional Question, the United States

Attorney General was notified of this action and the United States ultimately declined to intervene. If the United States had intervened, then Plaintiffs could potentially have launched additional nonfrivolous arguments for distinguishing this case from *Arakaki*. Further, consolidation with *Day v. Apoliona*, Civ. No. 05-00649, may have helped Plaintiffs' attempt to highlight their perceived discrepancies between *Arakaki* and other Ninth Circuit cases. Accordingly, the court excludes time entries on these tasks from its analysis.

Third, the court finds that attorneys' fees incurred from Plaintiffs' Motion for Preliminary Injunction are not the *unavoidable* result of Mr. Burgess' sanctionable conduct. OHA Defendants could have avoided spending time on this matter by simply asking the court to rule on their Motion for Judgment on the Pleadings prior to briefing on the Motion for Preliminary Injunction.

Finally, the court is aware that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion," Fed. R. Civ. P. 11(c)(2), but such sanction is not warranted in this case. McCorriston did not draft the Rule 11 Motion; rather, OHA Defendants merely filed the one prepared by State Defendants.[2]

---

[2] The State Defendants drafted and served the Rule 11 Motion pursuant to Rule 11's safe harbor requirements, and OHA Defendants joined in that motion. The State Defendants did not move for Rule 11 Sanctions.

McCorriston's billing entries, however, indicate that McCorriston spent over 10 hours on the Motion (all by partners, not associates), not including the Reply. Including McCorriston's apparent inflated billing for the Rule 11 Motion is not reasonable and would result in a punitive, as opposed to deterrent sanction.[3]

To be clear, the court finds that the following time entries by McCorriston were directly caused by the Rule 11 violation and are potentially compensable:[4]

| Event | Klein | Cataldo | Chestnut |
| --- | --- | --- | --- |
| Review Plaintiffs' Memo in Opposition to State Defendants' and OHA Defendants' Motion for Judgment on the Pleadings; Consider possible reply | 3.00 | | |
| Review Order Denying Plaintiffs' Motion for Reconsideration of Court's Denial of Motion for TRO; Draft communication to client regarding same | | .50 | |
| Review and Revise Reply in Support of Motion for Judgment on the Pleadings | | .80 | |

---

[3] The court previously declined OHA Defendants' requests for attorneys' fees for responding to Plaintiffs' Motion for Rule 11 sanctions. *See Kuroiwa*, 2008 WL 4056137, at *5 n.8.

[4] The court also excludes two entries by Ms. Chestnut for "Begin work on Reply Brief" and "Continued drafting OHA Reply Brief." OHA Defendants filed a Reply in support of their Motion for Judgment on the Pleadings, as well as a Reply in support of their Motion for Rule 11 Sanctions. As explained above, only time spent on the Reply for OHA Defendants' Motion for Judgment on the Pleadings is compensable. Because McCorriston included no dates for when these tasks were performed, the court cannot determine which "Reply" these entries refer to.

| Event | Klein | Cataldo | Chestnut |
|---|---|---|---|
| Prepare for and attend Status Conference[5] | | 1.50 | |
| Receive and read Plaintiffs' Motion for Reconsideration; Begin notes for Opposition | | | .70 |
| Receive and read Plaintiffs' Opposition to State's Motion for Judgment on the Pleadings | | | .30 |
| Receive and review Plaintiffs' Opposition to our Motion for Judgment on the Pleadings; Confer with L. Cataldo and L. Ezra regarding Reply | | | .70 |
| Receive and read Plaintiffs' Errata to their Opposition to our Motion for Judgment on the Pleadings | | | .20 |
| Continue drafting OHA Reply in support of Motion for Judgment on the Pleadings | | | 3.30 |
| Finalize Reply in Support of Motion for Judgment on the Pleadings | | | .80 |
| **TOTAL:** | 3.00 | 2.8 | 6 |

B.   **Whether OHA Defendants' Counsels' Fees Are Reasonable**

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). "The 'lodestar' is the presumptively reasonable rate, which is reached by multiplying

---

[5] The court held only one status conference in this action, which addressed Plaintiffs' Motion for TRO. *See* Doc. No. 26. The court therefore includes this time entry in its calculation of the sanctions award.

the number of hours reasonably expended by the prevailing party with a reasonable hourly rate, then making any adjustments as necessary to account for factors not already subsumed within the initial lodestar calculation" as articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *Mendez v. County of San Bernardino* , --- F.3d ---, 2008 WL 3916285, at *14; *see also Hensley*, 461 U.S. at 433.

> The factors articulated by the Ninth Circuit in *Kerr* are as follows:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.[6]

For Rule 11 sanctions, "[t]here is no need to rigidly apply the factors set forth in [*Kerr*], but the court must make some evaluation of the fee breakdown

---

[6] Factors one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).

submitted by counsel." *Matter of Yagman*, 796 F.2d 1165, 1185 (9th Cir. 1986).

Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *see also Fischer*, 214 F.3d at 1119 n.4 (stating that the lodestar figure should be adjusted only in rare and exceptional cases).

As determined above, the following hours and rates are at issue:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Robert Klein | 3.0 | $225 | $ 675 |
| Lisa Cataldo | 2.8 | $225 | $ 630 |
| Becky Chestnut | 6 | $225 | $ 1,350 |
| | | SUBTOTAL: | $ 2,655 |
| | | TAX (4.712%): | $ 125.10 |
| | | TOTAL: | **$ 2,780.10** |

Mr. Klein was admitted to the Hawaii bar in 1972 and has more than thirty five years of legal experience, of which many were spent as a judge. Klein Decl. ¶ 9. Ms. Cataldo was admitted to the California bar in 1990 and the Hawaii bar in 1994, and has more than ten years of litigation experience. *Id.* Finally, Ms. Chesnut was admitted to the Hawaii bar in 2002 and is a first-year partner. *Id.*

///

///

12

### *1.  Reasonable Hourly Rate*

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. *See Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *Mendez*, 2008 WL 3916385, at *14 ("[T]he court must consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation."). "The burden is on the [requesting party] to produce evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (internal quotations omitted). "Affidavits of [OHA Defendants' attorneys] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [OHA Defendants' attorneys], are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Mr. Klein merely states that each attorney has represented OHA or related parties in the past, and believes "these rates to be reasonable and

customary, if not less than standard rates, in Honolulu, Hawaii." Klein Decl. ¶ 9. The court agrees that the rates for Mr. Klein and Ms. Cataldo are comparable, if not below, rates recommended and affirmed in other types of cases in this district for attorneys of similar years of experience. *See, e.g.*, *Loveland Acad. L.L.C. v. Hamamoto*, Civ. No. 02-00693 HG-LEK (D. Haw. Sept. 9, 2008) (adopting attorneys' fee recommendation in IDEA action of $275 per hour for attorney who had been practicing law since 1988); *Ware v. Chertoff*, Civ. No. 04-00671 HG-LEK (D. Haw. Aug. 12, 2008) (adopting attorneys' fee recommendation in Title VII action of $280 per hour for attorney who had been practicing law since 1979); *Goray v. Unifund CCR Partners*, Civ. No. 06-00214 HG-LEK (D. Haw. July 11, 2008) (adopting attorneys' fee recommendation in Fair Debt Collection Practices Act action of $280 per hour for attorney who had been practicing law since 1976); *Mabson v. Assoc. of Apartment Owners of Maui Kamaole*, Civ. No. 06-00235 DAE-LEK (D. Haw. May 13, 2008) (adopting recommendation in civil rights action of $220 per hour for attorneys who had been practicing law since 1989 and 1996). The court therefore concludes that the rates of Mr. Klein and Ms. Cataldo are reasonable.

    The court finds, however, that OHA Defendants have not carried their burden to show that an hourly rate of $225 for Ms. Chestnut is reasonable. While

Ms. Chestnut is a partner at McCorriston, she was admitted to practice in 2002 -- only six years ago. Courts in this district have generally awarded a much lower hourly rate for attorneys with her level of experience. *See, e.g.*, *United Pub. Workers v. Rodrigues*, Civ. No. 03-00598 DAE-LEK (D. Haw. Sept. 5, 2008) (adopting recommendation in ERISA action of $175 per hour for attorney who had been practicing law since 2002); *PECA-HEW Annuity Fund v. Matias*, Civ. No. 08-00028 JMS-LEK (D. Haw. May 23, 2008) (adopting recommendation in ERISA action of $150 per hour for attorney practicing since 2002); *Ireijo v. Agnew*, Civ. No. 07-00290 JMS-LEK (D. Haw. Nov. 20, 2007) (awarding hourly rate of $170 per hour for attorney practicing since 2001). While these other cases involved issues different from those presented in this action, they are nonetheless relevant because this case presents a simple, straight-forward application of Ninth Circuit law. Given that these cases have awarded an hourly rate of $150-$175 for attorneys with similar years of experience, Ms. Chestnut's hourly rate of $225 is manifestly unreasonable.

       The court also takes into account that Ms. Chestnut was tasked with primary drafting responsibility for OHA Defendants' Reply. A more junior associate, with a corresponding much lower billing rate, could have easily performed this task. The court therefore finds that a reasonable hourly rate for the

work performed by Ms. Chestnut is $150.

### 2. *Hours Reasonably Expended*

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). "The court may . . . reduce an award for attorney's fees for unnecessarily duplicative work, if the court provides a clear explanation . . . why these hours were truly unnecessary." *Mendez*, 2008 WL 3916285, at *14. Time expended on work deemed "'excessive, redundant, or otherwise unnecessary'" shall not be compensated. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (*quoting Hensley*, 461 U.S. at 433-34).

Mr. Burgess argues that the hours expended by McCorriston are grossly excessive because OHA Defendants merely echoed the arguments made by State Defendants and could have gotten the same result by joining State Defendants' Motion for Judgment on the Pleadings or even taking no action. *See* Burgess Objection 3-5. The court disagrees that McCorriston's time spent due to Mr. Burgess' Rule 11 violation is excessive and/or unnecessary.

At issue now are a relatively small number of hours -- 11.8. While

defending this action presented a relatively simple application of *Arakaki* to the allegations in the Complaint, 11.8 hours is reasonable for OHA Defendants to draft a Reply addressing Mr. Burgess' many frivolous arguments and prepare against Plaintiffs' Motion for Temporary Restraining Order.  In sum, the court finds that the following attorneys' fees are reasonable for OHA Defendants' Motion for Judgment on the Pleadings:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Robert Klein | 3.0 | $225 | $   675 |
| Lisa Cataldo | 2.8 | $225 | $   630 |
| Becky Chestnut | 6 | $150 | $   900 |
| | | SUBTOTAL: | $ 2,205 |
| | | TAX (4.712%): | $   103.90 |
| | | TOTAL: | **$ 2,308.90** |

**C.  Sanction Limited to What Suffices to Deter Repetition of the Conduct or Comparable Conduct by Others Similarly Situated**

There is no question that Mr. Burgess' conduct is sanctionable.  As explained in the August 27, 2008 Order, Mr. Burgess was Plaintiffs' counsel in *Arakaki* such that he could not objectively believe that his Complaint was well-founded.  Rather than limit his arguments to seeking reversal of *Arakaki*, Mr.

Burgess launched numerous meritless arguments for why *Arakai* should not apply. Given Mr. Burgess' conduct, Rule 11 sanctions are warranted, and the court finds that the amount of $2,308.90 is appropriate to deter such conduct in the future. The court further finds that an amount more than $2,308.90 would go beyond what is necessary to deter future conduct.

Mr. Burgess argues that sanctions should be limited for many of the same reasons that he launched for why *Arakaki* does not apply to this action. Specifically, Mr. Burgess argues that he should not be ordered to pay any of OHA Defendants' attorneys' fees because: (1) OHA Defendants' counsel aid and abet OHA's breach of fiduciary duty and their own duty to beneficiaries; (2) in *Arakaki*, Judge Mollway assured Mr. Burgess that he could file a new action; and (3) *Day v. Apoliona*, 496 F.3d 1027 (9th Cir. 2007), suggests that all beneficiaries of the trust created by § 5(f) of the Admissions Act have standing to bring suit. For the same reasons articulated in the July 3, 2008 Order and August 27, 2008 Order, these arguments lack merit. Mr. Burgess cannot avoid sanctions by relying on arguments that are untenable in light of clear Ninth Circuit precedent, or by taking out of context Judge Mollway's comments in *Arakaki*. *See Kuroiwa*, 2008 WL 4056137, at *4.

Finally, Mr. Burgess argues that he will now advocate Plaintiffs'

position by seeking to modify or reverse existing law and the sanctions order itself is sufficient given his years of practice and community service.  While the court appreciates Mr. Burgess' commitment to pro bono and community service over his years as an attorney, his various experiences and accolades only make his actions in this case that much more egregious.  Further, the relevant standard for determining sanctions is not just what is sufficient to deter Mr. Burgess, but also what is sufficient to deter others.  *See* Fed. R. Civ. P. 11(c)(4).  The court therefore finds that the sanction of paying OHA Defendants' attorneys' fees in the amount of $2,308.90 is sufficient to deter repetition of Mr. Burgess' conduct.

## IV.  CONCLUSION

For the reasons discussed above, the court SANCTIONS counsel for Plaintiffs H. William Burgess by requiring him to pay OHA Defendants' attorneys' fees in the amount of $2,308.90.  Mr. Burgess shall tender payment to OHA Defendants no later than October 14, 2008.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 29, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kuroiwa et al. v. Lingle et al.*, Civ. No. 08-00153 JMS-KSC, Order Imposing Rule 11 Sanctions on Plaintiffs' Counsel